IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

THOMAS WAYLON BOYD                                                                    PLAINTIFF

v.                                    Civil No. 4:19-cv-04077

JUDGE DUNCAN CULPEPPER; PHILLIP
HARRIS, Prosecuting Attorney; DANNY ROGERS,
Public Defender; TIM McBRAYER, Officer;
SEAN CLARK, Officer; JUSTIN HURST,
Attorney; JAMES SINGLETON, Sheriff;
JUDGE RANDAL WRIGHT; KOLBY HARPER,
Prosecuting Attorney; MATTHEW FORD,
Prosecuting Attorney; JOE T. TYLER, Public
Defender; BO MORRIS, Officer/Deputy; OFFICER
BROWN, Officer/Deputy; SGT. HUGHES, Officer/
Deputy; EVANS, Parole; DEPUTY SIMMONS, Parole;
PROSECUTOR TRACI GRAHAM, Prosecuting
Attorney; and BILLY MORITZ, Attorney                                                  DEFENDANTS

**ORDER**

Plaintiff Thomas Waylon Boyd, currently an inmate in the Bowie County Correctional Center in Texarkana, Texas, filed a *pro se* civil action in the Eastern District of Arkansas on July 1, 2019. (ECF No. 2). The case was transferred to the Western District of Arkansas, Texarkana Division, on July 9, 2019. (ECF No. 5). Although, Plaintiff did not specifically state under what federal statute he was seeking relief, the Court interpreted his Complaint as an attempt to file a civil rights action under 42 U.S.C. § 1983.

Plaintiff's Complaint was not submitted on the form approved for this District and Plaintiff did not specifically state what each named defendant did or failed to do which allegedly violated his constitutional rights. In addition, Plaintiff did not indicate what injuries he suffered as a result of their conduct or inaction. Finally, many of his claims appeared to be frivolous and were asserted

1

against individuals who are immune from suit. For these reasons, Plaintiff was directed to submit a First Amended Complaint. (ECF No. 9).

On July 25, 2019, Plaintiff filed his First Amended Complaint. (ECF No. 10). However, Plaintiff did not fill out page one of the First Amended Complaint and did not use the remainder of the form provided by the Court. Plaintiff's First Amended Complaint was an incomprehensible, unintelligible and confusing eighty-four (84) page narrative complaint which did not clearly identify the named defendants or Plaintiff's claims against them.[1]

On July 29, 2019, the Court ordered Plaintiff to submit a Second Amended Complaint on or before August 19, 2019. (ECF No. 11). This order specifically directed Plaintiff to submit no more than a total of twenty (20) pages to state his claims in the Second Amended Complaint. On August 23, 2019, Plaintiff submitted a Second Amended Complaint consisting of fifty-eight (58) pages. (ECF No. 12).

Plaintiff has failed to comply with this Court's order to submit a total of twenty (20) pages to state his claims in the Second Amended Complaint. **Accordingly, the Clerk is DIRECTED to strike Plaintiff's Second Amended Complaint. (ECF No. 12).**

The Court will give Plaintiff one more opportunity to submit a Second Amended Complaint that complies with the Court's orders. **Plaintiff is directed to submit a Second Amended Complaint on or before September 20, 2019. The Clerk is directed to mail the Plaintiff a court-approved 1983 form, complete with an additional thirteen (13) blank pages, to use for filing the Second Amended Complaint. Plaintiff is limited to these 20 pages (complaint form**

---

[1] For this reason, the Court did not add new defendants or terminated any named defendants based on Plaintiff's First Amended Complaint.

and 13 additional pages) to state his Second Amended Complaint. In the Second Amended Complaint Plaintiff is required to:

1) Completely fill out the entire form referring only to Case No. 4:19-cv-04077 in the case caption. DO NOT ATTEMPT TO FILE ADDITIONAL LAWSUITS IN THIS CASE.

2) Identify each named Defendant indicating his or her name, position and relationship to Plaintiff, place of employment and address on consecutive pages.

3) THEN, write short, plain statements telling the Court, the constitutional right Plaintiff believes was violated by the named Defendant, exactly what the Defendant did or failed to do, how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights and what specific injury Plaintiff suffered because of that individual Defendant's conduct. (Again, Plaintiff must repeat this process for each person he has named as a Defendant). Plaintiff is further CAUTIONED if he fails to do so, the allegations against that Defendant will be dismissed for failure to state a claim.

4) DO NOT INCLUDE ANY MOTIONS WITH THE SECOND AMENDED COMPLAINT (this includes but is not limited to motions for subpoenas or motions to appoint counsel).

5) DO NOT INCLUDE A REQUEST FOR HABEAS RELIEF IN THE SECOND AMENDED COMPLAINT.

Plaintiff must clearly designate on the face of the document that it is a Second Amended Complaint. The Second Amended Complaint must be retyped or rewritten in its entirely on the court-approved form. Plaintiff may not refer back to any part of the original complaint or the First

Amended Complaint.  A Second Amended Complaint supersedes, or takes the place of, the original and First Amended Complaint.  After amendment, the Court will treat the original and First Amended Complaint as nonexistent.  Any cause of action that was raised in the original and First Amended Complaint is waived if it is not raised in the Second Amended Complaint.

**This case shall be subject to dismissal if Plaintiff fails to return the Second Amended Complaint by the Court's imposed deadline of September 20, 2019, or if he fails to submit a Second Amended Complaint that complies with the restrictions set forth in this order (i.e. page limit and other instructions set forth on page 3).**

IT IS SO ORDERED this 28th day of August 2019.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE