IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

THOMAS WAYLON BOYD                                                                    PLAINTIFF

v.                                        Civil No. 4:19-cv-4077

JUDGE DUNCAN CULPEPPER; PHILLIP
HARRIS, Prosecuting Attorney; DANNY ROGERS,
Public Defender; TIM MCBRAYER, Officer;
SEAN CLARK, Officer; JUSTIN HURST,
Attorney; JAMES SINGLETON, Sheriff;
JUDGE RANDAL WRIGHT; KOLBY HARPER,
Prosecuting Attorney; MATTHEW FORD,
Prosecuting Attorney; JOE T. TYLER, Public
Defender; BO MORRIS, Officer/Deputy; OFFICER
BROWN, Officer/Deputy; SGT. HUGHES, Officer/
Deputy; EVANS, Parole; DEPUTY SIMMONS, Parole;
PROSECUTOR TRACI GRAHAM, Prosecuting
Attorney; and BILLY MORITZ, Attorney                                                DEFENDANTS

**ORDER**

On July 1, 2019, Plaintiff Thomas Waylon Boyd filed this case in the Eastern District of Arkansas, pursuant to 42 U.S.C. § 1983. The Eastern District transferred the case to the Western District of Arkansas, Texarkana Division, on July 9, 2019. Following several rounds of the Court directing Plaintiff to file amended complaints and Plaintiff filing noncompliant pleadings,[1] Plaintiff filed a second amended complaint on September 11, 2019. On October 16, 2019, the Court entered a screening order that dismissed all of Plaintiff's claims pursuant to 28 U.S.C. § 1915A. (ECF No. 15). Consequently, this case was closed.

On October 30, 2019, Plaintiff filed what was docketed as a motion to reopen this case. (ECF No. 16). Plaintiff's motion is a confusing jumble of arguments in which he appears to: (1)

---
[1] The Court will not recount this process in detail because it was set out in the Court's October 16, 2019 screening order. (ECF No. 15, pp. 1-4).

ask for this case to be reopened; (2) quote at length from the Bill of Rights; (3) cite to various amendments to the Arkansas Constitution; and (4) argue that the Court improperly applied law that prevented him from pursuing his claims instead of accepting his allegations as true. Plaintiff's motion is meritless, but the Court will attempt to briefly address each of his points.

Plaintiff first asks the Court to reopen this case. He cites no authority in support of this request[2] and does not elaborate on the propriety of the request. The Court sees no basis upon which to reopen the case and finds that Plaintiff has not shown good cause to open the case. Even if the Court were to construe the request as a motion for reconsideration under either Federal Rules of Civil Procedure 59(e) or 60(b), Plaintiff has failed to offer any reason justifying relief from the Court's October 16, 2019 screening order. *See Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) ("Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence."); *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996) (stating a party may obtain Rule 60(b) relief from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect).

Plaintiff also quotes passages from the Bill of Rights and cites to various amendments to the Arkansas Constitution. The relevance of these sections is unclear to the Court and Plaintiff does not explain or apply these authorities to the case at hand. Consequently, the Court finds that these citations are insufficient to obtain the requested relief.

Finally, Plaintiff argues that the Court erroneously relied on caselaw that hindered his ability to pursue his claims and should have instead taken the allegations in his second amended

---

[2] The beginning of the instant motion cites 34 U.S.C. § 12361, which provides a civil cause of action for victims of gender-motivated crimes of violence. In the absence of any explanation from Plaintiff, the Court finds that this statute has no application to this case because Plaintiff's latest amended complaint did not assert any claim under that statute.

complaint as true. Plaintiff misunderstands the Court's October 16, 2019 screening order. The Court did take Plaintiff's allegations as true for purposes of the screening order. However, even when assuming that the allegations were true, Plaintiff's claims nonetheless failed because they: (1) were asserted against people who were immune from suit; (2) failed to state a viable claim upon which relief could be granted; (3) lacked specific detail as repeatedly ordered by the Court; (4) concerned domestic-relations matters that the Court chose to abstain from hearing; or (5) were barred by *Heck v. Humphrey*, 512 U.S. 447 (1994). Plaintiff has offered no reason to cause the Court to believe that these issues were adjudicated incorrectly. Thus, the Court finds this argument unpersuasive.

In sum, the Court finds no basis upon which to grant the relief requested in the instant motion. Accordingly, Plaintiff's motion (ECF No. 16) is hereby **DENIED**.

**IT IS SO ORDERED**, this 4th day of November, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
