IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

THOMAS WAYLON BOYD                                                                    PLAINTIFF

v.                                         Civil No. 4:19-cv-4077

JUDGE DUNCAN CULPEPPER; PHILLIP
HARRIS, Prosecuting Attorney; DANNY ROGERS,
Public Defender; TIM MCBRAYER, Officer;
SEAN CLARK, Officer; JUSTIN HURST,
Attorney; JAMES SINGLETON, Sheriff;
JUDGE RANDAL WRIGHT; KOLBY HARPER,
Prosecuting Attorney; MATTHEW FORD,
Prosecuting Attorney; JOE T. TYLER, Public
Defender; BO MORRIS, Officer/Deputy; OFFICER
BROWN, Officer/Deputy; SGT. HUGHES, Officer/
Deputy; EVANS, Parole; DEPUTY SIMMONS, Parole;
PROSECUTOR TRACI GRAHAM, Prosecuting
Attorney; and BILLY MORITZ, Attorney                                               DEFENDANTS

**ORDER**

On July 1, 2019, Plaintiff Thomas Waylon Boyd filed this case pursuant to 42 U.S.C. § 1983. Following several rounds of the Court directing Plaintiff to file amended complaints and Plaintiff filing noncompliant pleadings,[1] Plaintiff filed a second amended complaint on September 11, 2019. On October 16, 2019, the Court entered a screening order that dismissed all of Plaintiff's claims pursuant to 28 U.S.C. § 1915A. (ECF No. 15). Consequently, this case was closed.

On October 30, 2019, Plaintiff filed what was docketed as a motion to reopen this case. (ECF No. 16). On November 4, 2019, the Court denied that motion, finding that Plaintiff failed to establish cause to reopen the case and, to the extent that the motion could instead be construed as a motion for reconsideration under either Federal Rules of Civil Procedure 59(e) or 60(b), that Plaintiff failed to offer any reason justifying relief from the Court's October 16, 2019 screening order. On November 5,

---

[1] The Court will not recount this process in detail because it was set out in the Court's October 16, 2019 screening order. (ECF No. 15, pp. 1-4).

2019, Plaintiff filed two documents which were docketed as supplements to his motion to reopen this case. (ECF Nos. 18, 19). The Court considered those documents and determined that they did not present cause to reopen the case.

On November 8, 2019, Plaintiff filed what is styled as a "Motion to Advance." (ECF No. 21). Plaintiff reiterates his belief that his rights have been infringed on and that he is entitled to relief. Plaintiff concludes by asking for "a proper proceeding and the entry of a final judgment by affirmative action."[2]

It is unclear to the Court what Plaintiff's request for "a proper proceeding" means. To the extent that he asks for the Court to reopen this case for him to proceed in, the Court has already twice found that good cause does not exist to reopen this case. The instant motion provides nothing to change that finding. The Court is likewise unsure what Plaintiff's request for "a final judgment by affirmative action" entails. To the extent that Plaintiff merely seeks entry of a final order in this case, the request is moot because the Court's October 16, 2019 screening order is a final order. To the extent that Plaintiff instead seeks entry of a final judgment in his favor, the request is denied because, as the Court found in its screening order, Plaintiff's claims were properly dismissed on various grounds. Plaintiff has provided no argument to change that determination.

For the above-stated reasons, Plaintiff's motion to advance (ECF No. 21) is hereby **DENIED**.

**IT IS SO ORDERED**, this 8th day of November, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] The Court notes that the last line of the motion reads, "retreating until further order or, Notice of Appeal." The Court does not believe that Plaintiff intended for the instant motion to be a notice of appeal, as he styled the filing as a motion and explicitly requested other relief. However, to the extent that he intended the filing to be a notice of appeal, the filing is deficient. A notice of appeal must specify the party taking the appeal, designate the judgment being appealed, and name the court to which the appeal is taken. Fed. R. App. P. 3(c)(1). Plaintiff's filing arguably satisfies the first two requirements but does not name the court to which an appeal would be taken.